UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ERIC DARNELL COOK, | No. 15-cv-5453 LB |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | [Re: ECF No. 1] |
| WILLIAM MUNIZ, Warden, | |
| Respondent. | |

**INTRODUCTION**

Eric Darnell Cook, an inmate at Salinas Valley State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. He has consented to proceed before a magistrate judge. (ECF No. 2.)[1] This order dismisses the action.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

15-cv-5453 LB
ORDER

**STATEMENT**

Mr. Cook states in his petition that he is challenging a 1996 bank robbery conviction in Santa Clara County Superior Court for which he received a nine-year prison sentence in 1998. (ECF No. 1 at 2.)

Mr. Cook states that he appealed his conviction, that the California Court of Appeal denied relief on June 29, 2015, and that the California Supreme Court denied his petition for review on October 21, 2015. (ECF No. 1 at 2-3.) Mr. Cook confuses an appeal with collateral challenges to a conviction. The case numbers Mr. Cook lists for his "appeals" are for habeas petitions filed in the state courts, as the orders attached to his petition plainly show. (*Id.* at 20 (order denying habeas petition in *In re Eric Darnell Cook on Habeas Corpus*, Cal. Ct. App. Case No. H042321); *id.* at 22 (order denying habeas petition in *In re Eric Darnell Cook on Habeas Corpus*, Cal. Supreme Ct. Case No. S227641).)

Mr. Cook also attaches to his federal habeas petition a copy of an order from the Santa Clara County Superior Court denying Mr. Cook's habeas petition. (ECF No. 1 at 18-19.) The superior court denied relief because Mr. Cook was no longer in custody on the Santa Clara County Superior Court conviction he was trying to challenge, and instead was currently in custody on a conviction from Los Angeles County Superior Court in which the Santa Clara conviction had been used as a prior conviction for sentence enhancement purposes. (ECF No. 1 at 18-19.)

Mr. Cook unsuccessfully appealed from the 2007 Los Angeles County Superior Court conviction. *See People v. Cook*, 2009 WL 1464383, at *1-4 (May 27, 2009 opinion affirming conviction). Mr. Cook also unsuccessfully challenged that 2007 conviction in a federal habeas action; his petition was denied on the merits and judgment entered on July 28, 2011. *See Cook v. Walker*, C. D. Cal. Case No. CV 11-1018-R (MLG). Mr. Cook attempted to appeal, but his appeal was unsuccessful because the district court and the U.S. Court of Appeals for the Ninth Circuit denied a certificate of appealability. *See Cook v. Walker*, Ninth Cir. Case No. 11-56475.

**ANALYSIS**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

A habeas petitioner must be in custody under the conviction or sentence under attack at the time his petition is filed. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  A person who has fully served his sentence and who is not subject to court supervision for that conviction is not "in custody" on it. *See Maleng*, 490 U.S. at 492.  Mr. Cook is no longer in custody on his 1996 conviction from Santa Clara County Superior Court, and therefore may not attack that expired conviction in a federal habeas proceeding.

When a *pro se* petitioner files a habeas petition challenging a prior conviction that has expired but is being used to enhance a current sentence, the district court should liberally construe the petition to be a challenge to the current "sentence, as enhanced by the allegedly invalid prior conviction.'" *Dubrin v. People of California*, 720 F.3d 1095, 1087 (9th Cir. 2013); *see also Brock v. Weston*, 31 F.3d 887, 889-91 (9th Cir. 1994) (*pro se* petitioner's challenge to expired 1974 assault conviction must be construed as challenge to current civil confinement predicated upon prior conviction).  Trying to liberally construe Mr. Cook's *pro se* petition challenging the 1996 conviction to be a challenge to the 2007 conviction presents an immediate problem, however, due to the fact that Mr. Cook has already litigated and lost a federal habeas petition challenging the 2007 conviction.  (As noted in the preceding section, the federal habeas petition was denied on July 28, 2011, and the district court and Ninth Circuit declined to issue a certificate of appealability.)

A second or successive petition may not be filed in the district court unless the petitioner first obtains from the Ninth Circuit an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).  Mr. Cook has not obtained an order from the Ninth Circuit permitting the filing of a second or successive petition in the district court.  The district court will not entertain a new petition from Mr. Cook until he first obtains permission from the Ninth Circuit to file such a petition.  This action therefore must be dismissed  without prejudice to Mr. Cook filing a petition in the district court after he obtains the necessary order from the Ninth Circuit.  If Mr. Cook ever

obtains permission to file a second or successive petition, he should then file a new habeas petition in the Central District, because that is the proper district for a habeas petition challenging a conviction from Los Angeles County.[2]

This court notes that it is quite likely that Mr. Cook will encounter problems in a second or successive petition due to the rule in *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001), which held that, "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." There are some narrow exceptions to that rule, *see id.* at 404; *Dubrin*, 720 F.3d at 1098-99, but the applicability of any exception to the rule cannot be considered unless and until Mr. Cook obtains permission from the Ninth Circuit and files a new habeas petition in the proper venue.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[2] Mr. Cook may think that this statement about venue contradicts an earlier order in this case, but it does not. Mr. Cook originally filed this action in the Central District of California. The petition was transferred to the Northern District because it was understood – reasonably so, based on the allegations in the first two pages of the document – to be a challenge to "a 1996 conviction and 1998 sentence imposed by the Superior Court of Santa Clara County," according to the transfer order. (ECF No. 6 at 1.) Now that it is clear that the only way Mr. Cook can possibly have the 1996 conviction considered in federal habeas is through a challenge to the 2007 conviction (as enhanced by the 1996 conviction), venue for that challenge would be proper in the Central District of California because the 2007 conviction occurred in Los Angeles County. *See* N. D. Cal. Local Rule 2254-3(a), (b).

15-cv-5453 LB
ORDER                               4

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED because the petitioner is not in custody for a petition challenging the 1996 conviction and has not yet obtained permission from the Ninth Circuit to file a second or successive petition challenging the 2007 conviction.

If Mr. Cook wants to attempt to obtain the necessary order from the Ninth Circuit, he should file an "Application For Leave To File Second Or Successive Petition" in the Ninth Circuit (at 95 Seventh Street, San Francisco, CA  94103).  A copy of the form application is enclosed with this order for his convenience.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 8, 2015

LAUREL BEELER
United States Magistrate Judge